SOUTHERN PRINTERS SUPPLY COMPANY v. R. S. PRESCOTT, M. B. PRESCOTT, AND H. W. RENFREW.

(Filed 7 October, 1931.)

Bills and Notes C d—Endorser before delivery to payee is liable to holder in due course although payee has sold security and failed to apply proceeds to payment of note.

Where the payee of a note secured by a chattel mortgage transfers the note for value before maturity by endorsement to another, the endorsee is a holder in due course and may recover on the note although the payee

SUPPLY CO. *v.* PRESCOTT.

has sold the property mortgage and has failed to apply the proceeds to the payment of the note, the holder in due course not being affected by the subsequent change in the relationship of the parties, and an endorser before delivery to the payee may not claim that as to him the note was discharged.

APPEAL by M. B. Prescott from *Devin, J.,* at March Term, 1931, of PITT. No error.

H. W. Renfrew sold R. S. Prescott certain printing machinery and equipment at an agreed price, payable in installments of $500 each evidenced by notes secured by a chattel mortgage on the machinery. The note sued on is one of this series. It was signed by R. S. Prescott, endorsed by M. B. Prescott before delivery to the payee (Renfrew), and afterwards endorsed and delivered by the payee to the plaintiff for value before maturity. Neither the maker nor the endorser paid the note when due, and Renfrew sold the property under his mortgage. He did not pay the proceeds or any part thereof to the plaintiff. The verdict was as follows:

1. Are the defendants indebted to the plaintiff on the note sued on, and if so, in what amount? Answer: Yes, $500 and interest from 8 April, 1929.

2. Are the defendants, R. S. Prescott and M. B. Prescott primarily liable on the note sued on and set out in the complaint? Answer: No.

3. Is the defendant, R. S. Prescott, indebted to the defendant, H. W. Renfrew, on the account set out in defendant Renfrew's answer? Answer: Yes, $400.

Judgment for plaintiff; appeal by defendant M. B. Prescott.

*Albion Dunn for appellant.*
*F. G. James & Son for appellee.*

PER CURIAM. It is contended that Renfrew's failure to pay the note in controversy out of the proceeds arising from the foreclosure of his chattel mortgage releases the appellant from liability. The plaintiff became a holder in due course and was not deprived of his legal rights by virtue of any change in the subsequent relation of the defendants. We have examined the several exceptions and find

No error.